ORIGINAL

FILED IN CHAMBERS
U.S.D.C. Atlanta

MAR 2 5 2014

JAMES N. HATTEN, Clerk
By: *[signature]*
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHANTEL BOWENS<br>DEBBIE BAILEY a/k/a DEBBIE BROWN<br>TUNJI "CHRIS" IMOUKHUEDE<br>BABATUNDE "BABS" ABASS a/k/a BABATUNDE ABAGUN a/k/a SIMIYU ABAGUN | Criminal Indictment<br><br>No. **1:14CR0107**<br><br>**UNDER SEAL** |

THE GRAND JURY CHARGES THAT:

**Count One**
18 U.S.C. § 371
(Conspiracy)

1. From at least as early as in or about January 2011, and continuing through at least in or about June 2013, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, the Defendants,

SHANTEL BOWENS,

DEBBIE BROWN a/k/a DEBBIE BAILEY ("BROWN"),

TUNJI "CHRIS" IMOUKHUEDE, and

BABATUNDE ABASS a/k/a BABATUNDE ABAGUN a/k/a SIMIYU ABAGUN

("ABASS"),

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other:

   a. that BOWENS and BROWN, being agents and employees of the City of Marietta Housing Choice Voucher Program ("HCVP"), a local agency receiving Federal benefits in excess of $10,000 in the one-year periods beginning July 1, 2010; July 1, 2011; and July 1, 2012 from the United States Department of Housing and Urban Development ("HUD") Housing Choice Voucher Program ("Section 8"), would embezzle, steal, obtain by fraud, and otherwise without authority knowingly convert to the use of the Defendants and intentionally misapply property that was valued at $5,000 or more and was owned by and under the care, custody, and control of HCVP, in violation of Title 18, United States Code, Section 666(a)(1)(A); and

   b. To receive, conceal, and retain with intent to convert to the use and gain of the Defendants, money from HUD, namely, Section 8 Housing Assistance Payments ("HAP") to which the Defendants were not entitled, in an amount exceeding $1,000, that is, approximately $230,000, knowing the money to have been embezzled, stolen, purloined and converted, in violation of Title 18, United States Code, Section 641.

## Background

At all times relevant to this Indictment:

   2. HUD was an agency of the Federal government.

   3. HUD oversaw and funded the Housing Choice Voucher Program, also known as "Section 8," which pays rental subsidies, or HAP, so that families can

afford to live in "decent, safe, and sanitary" housing. HUD provides annual contributions to state and local public housing agencies for this purpose.

4. Section 8 requires that prospective tenant families ("tenants") select and rent housing that meets the program's quality standards. Once the unit and the tenants have been approved for eligibility, the public housing agency contracts with the landlord to provide HAP on a monthly basis. A formula comprised of the rent, the tenants' monthly income, and the size of the family unit determines the HAP amount to be paid to the landlord and applied to the tenant's monthly rent.

5. The City of Marietta Housing Choice Voucher Program ("HCVP") administers Section 8 in the City of Marietta. HCVP is located at 268 Lawrence Street, Marietta, Georgia, which is located in the Northern District of Georgia.

6. During the fiscal years set forth below, HCVP received the following approximate amounts of HUD funding for HAP rental subsidies under Section 8.

| Fiscal Year | HUD Funding Amount |
| --- | --- |
| 7/1/10 – 6/30/11 | $4,466,043.00 |
| 7/1/11 – 6/30/12 | $4,311,098.00 |
| 7/1/12 – 6/30/13 | $4,138,755.00 |

### Defendants Bowens and Brown's HCVP Employment

7. From on or about October 18, 2000, through on or about May 16, 2013, defendant SHANTEL BOWENS was employed by HCVP, primarily as a Housing Assistance Officer. In this capacity, BOWENS reviewed and approved tenant and landlord enrollment in HCVP. BOWENS' duties included determining the appropriate amount of HAP to be paid to landlords for each individual tenant and rental unit.

8. From on or about September 13, 2004 through on or about May 16, 2013, defendant DEBBIE BROWN was employed by HCVP as a Housing Assistance Officer and Family Self Sufficiency Coordinator. In this capacity, BROWN reviewed and approved tenant and landlord enrollment in HCVP. BROWN's duties included determining the appropriate amount of HAP to be paid to landlords for each individual tenant and rental unit.

### Defendant Imoukhuede's HCVP Enrollment

9. On or about July 14, 2006, defendant IMOUKHUEDE registered Grand Ventures as a limited liability company in the State of Georgia. He was listed as the registered agent and sole incorporator of the company in its Articles of Incorporation.

10. IMOUKHUEDE enrolled with HCVP as a landlord in or about 2006, and began receiving HAP in connection with a property in Cobb County, Georgia, that was deeded to him. From 2006 through 2011, IMOUKHUEDE received HAP via checks, which were deposited into a business account at Wachovia Bank,

with an account number ending in 2877. The account was opened in the name of Grand Ventures, LLC, and IMOUKHUEDE was the sole owner of the account.

11. Wachovia Bank, N.A., was acquired by Wells Fargo & Company in 2008, and all of Wachovia's deposit accounts were transferred to Wells Fargo Bank, N.A., following the merger. Wachovia Bank and its successor, Wells Fargo Bank, are collectively referred to herein as "Wells Fargo."

12. From January 2012 through June 2013, IMOUKHUEDE received HAP via Automated Clearing House ("ACH") direct deposits into a Wells Fargo bank account with an account number ending in 1682. IMOUKHUEDE was the owner of the account.

## Defendant Abass's HCVP Enrollment

13. ABASS enrolled with HCVP as a landlord in 2007, and initially received HAP via checks issued to a company called Rocktech Property Management.

14. On October 14, 2009, defendant ABASS registered a new company, called Rocktech Companies, as a limited liability company in the State of Georgia. ABASS was the registered agent and sole organizer of the company.

15. In or about April 2010, ABASS notified HCVP that Rocktech Property Management was to be replaced with Rocktech Companies, LLC.

16. From January 2012 through June 2013, ABASS received HAP via ACH direct deposits into a Bank of America business account, in the name of Rocktech Companies, with an account number ending in 8328. ABASS was the sole owner of the account.

## Object of the Conspiracy

17. The object of the conspiracy was for the Defendants to obtain HCVP funds to which they were not entitled. Specifically, BOWENS, BROWN, IMOUKHUEDE and ABASS conspired to have BOWENS and BROWN alter records in the HCVP system to indicate falsely that IMOUKHUEDE and ABASS were landlords for certain tenants and rental units, when the Defendants well knew: (1) that such tenants were no longer participating in HCVP, and (2) that IMOUKHUEDE and ABASS did not own or manage such rental units. As a result, HAP was disbursed to IMOUKHUEDE and ABASS under false and fraudulent pretenses. BOWENS, BROWN, IMOUKHUEDE and ABASS then split the fraudulently-obtained HAP amongst themselves.

## Manner and Means

18. As HCVP caseworkers, BOWENS and BROWN had access to landlord and tenant information in the HCVP computer system. As a result, they could assign HCVP landlords to certain tenants and rental units.

19. When a tenant stopped participating in HCVP, the termination was generally processed and recorded in HCVP's computer system.

20. BOWENS and BROWN identified terminated tenants and voided their terminations, which reactivated the tenants' participation in HCVP.

21. BOWENS and BROWN specifically chose to reactivate tenants who were unemployed or had low incomes, because the corresponding HAP payments would be higher.

22. After reactivating the accounts of former HCVP tenants, BOWENS and BROWN assigned IMOUKHUEDE and ABASS as their landlords, which caused fraudulent HAP to be disbursed to IMOUKHUEDE and ABASS.

23. IMOUKHUEDE and ABASS each regularly met with BROWN to give her a portion of the HAP payments in cash.

24. IMOUKHUEDE and ABASS each usually kept approximately forty percent of the fraudulent HAP for himself, then gave the remaining sixty percent to BROWN, who would then split it with BOWENS.

25. Over the course of the scheme, the co-conspirators collectively obtained over $230,000 in HAP to which they were not entitled.

Overt Acts

26. In the Northern District of Georgia and elsewhere, on the dates set forth below in Column B, BOWENS and BROWN caused HAP to be paid to IMOUKHUEDE and ABASS, as set forth in Column C, for the tenants listed in Column D, in the amounts set forth in Column E, in the form of payment set forth in Column F, and which was deposited into the bank accounts set forth in Column G.

| A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|
| Overt Act | Date | Payee | Tenants | Payment Amount | Form of Payment | Bank Account No. |
| 1 | 5/1/11 | Imoukhuede | S.W., T.R. | $4,295.00 | Check | Wells Fargo XXXXXXXX2877 |
| 2 | 5/18/11 | Imoukhuede | S.W., L.R. | $4,015.00 | Check | Wells Fargo XXXXXXXX2877 |
| 3 | 5/1/12 | Imoukhuede | S.W., T.R., K.L., L.R. | $5,510.00 | ACH | Wells Fargo XXXXXXXX1682 |
| 4 | 5/1/12 | Rocktech Companies (Abass) | R.H., N.S., A.A. | $6,508.00 | ACH | Bank of America XXXXXXXX8328 |
| 5 | 3/1/13 | Imoukhuede | S.W., K.L., C.A., A.M., L.R. | $10,480.00 | ACH | Wells Fargo XXXXXXXX1682 |
| 6 | 4/1/13 | Rocktech Companies (Abass) | R.H., N.S., T.L., L.R. | $5,069.00 | ACH | Bank of America XXXXXXXX8328 |

27. The Defendants,

        SHANTEL BOWENS,

        DEBBIE BROWN,

        TUNJI IMOUKHUEDE, and

        BABATUNDE ABASS,

well knew that BOWENS and BROWN had caused the above-listed HAP to be issued to IMOUKHUEDE and ABASS under false pretenses; that is, that IMOUKHUEDE and ABASS were not entitled to such payments because they were not the actual landlords of such tenants and did not own or manage the properties to which BOWENS and BROWN had assigned them in the HCVP computer system.

All in violation of Title 18, United States Code, Section 371.

**Counts Two Through Six**
18 U.S.C. § 666(a)(1)(A) and 2
(Theft From an Organization Receiving Federal Funds)

28. The Grand Jury re-alleges and incorporates by reference Paragraphs 2 through 25, as if fully set forth herein.

29. From on or about October 18, 2000, through on or about May 16, 2013, and from September 13, 2004 through on or about May 16, 2013, respectively, the Defendants, SHANTEL BOWENS and DEBBIE BROWN, were agents and employees of HCVP, a local agency receiving in the one-year periods beginning July 1, 2010; July 1, 2011; and July 1, 2012, benefits in excess of $10,000 under one or more Federal programs involving grants, contracts, subsidies, loans,

9

guarantees, insurance and other forms of Federal assistance, to wit, funds from the HUD Section 8 Program.

30. The Defendants,

SHANTEL BOWENS,

DEBBIE BROWN,

TUNJI IMOUKHUEDE, and

BABATUNDE ABASS,

aided and abetted by each other, did embezzle, steal, obtain by fraud, intentionally misapply and knowingly convert to the use of a person other than the rightful owner money, funds, and property worth at least $5,000 and under the custody and control of HCVP.

31. Specifically, in the Northern District of Georgia and elsewhere, for each count listed in Column A, during the one-year periods set forth below in Column B, on the approximate dates set forth below in Column C, BOWENS and BROWN caused HAP to be paid under false and fraudulent pretenses to IMOUKHUEDE and ABASS, as set forth in Column D, as purported rent subsidies for the tenants listed in Column E, in the approximate amounts set forth in Column F, and which were ultimately deposited into the bank accounts set forth in Column G.

| A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|
| Ct. | One-Year Period | Date | Payee/Defendant | Tenants | Payment Amount | Bank Account No. |
| 2 | 7/1/10-6/30/11 | 5/1/11 | Imoukhuede | S.W., T.R. | $4,295.00 | Wells Fargo XXXXXXXX2877 |
| 2 | 7/1/10-6/30/11 | 5/18/11 | Imoukhuede | S.W., L.R. | $4,015.00 | Wells Fargo XXXXXXXX2877 |
| 3 | 7/1/11 – 6/30/12 | 5/1/12 | Imoukhuede | S.W., T.R., K.L., L.R. | $5,510.00 | Wells Fargo XXXXXXXX1682 |
| 4 | 7/1/11 – 6/30/12 | 5/1/12 | Rocktech Companies (Abass) | R.H., N.S., A.A. | $6,508.00 | Bank of America XXXXXXXX8328 |
| 5 | 7/1/12 – 6/30/13 | 3/1/13 | Imoukhuede | S.W., K.L., C.A., A.M., L.R. | $10,480.00 | Wells Fargo XXXXXXXX1682 |
| 6 | 7/1/12 – 6/30/13 | 4/1/13 | Rocktech Companies (Abass) | R.H., N.S., T.L., L.R. | $5,069.00 | Bank of America XXXXXXXX8328 |

All in violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

11

**Count Seven**
18 U.S.C. § 641 and 2
(Receipt of Stolen Federal Funds)

32. The Grand Jury re-alleges and incorporates by reference Paragraphs 2 through 25, as if fully set forth herein.

33. From in or about January 2011, and continuing through at least in or about June 2013, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, the Defendants,

SHANTEL BOWENS,

DEBBIE BROWN,

TUNJI IMOUKHUEDE, and

BABATUNDE ABASS,

aided and abetted by each other, knowingly and willfully did receive, conceal and retain embezzled, stolen, purloined, or converted money of the United States Department of Housing and Urban Development, namely, Section 8 benefit payments to which they were not entitled, having a value exceeding $1,000, that is, approximately $230,000, the Defendants then knowing said property to have been embezzled, stolen, purloined, or converted, in violation of Title 18, United States Code, Sections 641 and 2.

## Count Eight
18 U.S.C. § 641 and 2
(Conversion of Public Money)

34. The Grand Jury re-alleges and incorporates by reference Paragraphs 2 through 25, as if fully set forth herein.

35. From in or about January 2010, through in or about June 2013, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, the defendant, SHANTEL BOWENS, aided and abetted by others known and unknown to the Grand Jury, knowingly and willfully did embezzle, steal, purloin, and convert to her own use money of the United States Department of Housing and Urban Development, namely, Section 8 benefit payments to which she was not entitled, having a value exceeding $1,000, that is, approximately $40,000, in violation of Title 18, United States Code, Section 641.

36. On a date unknown to the Grand Jury, but at least by January 1, 2010, BOWENS contacted J.T., the owner of a property located in Austell, Georgia ("the Bowens rental"), in the Northern District of Georgia. J.T.'s wife, A.T., was the property manager for the Bowens rental, and was enrolled as a landlord in HCVP, which received Federal funding from the HUD Section 8 program.

37. BOWENS informed J.T. that her aunt, D.M., was enrolled as a tenant in HVCP, and asked whether D.M. could move into the Bowens rental. J.T. agreed to rent the Bowens rental to D.M. HAP would be paid to A.T. as the official landlord for the Bowens rental. BOWENS sent J.T. a lease agreement with the purported signature of D.M.

38. BOWENS input A.T. and D.M. into the HCVP computer program as landlord and tenant for a property located in Austell, Georgia. The address used for HCVP differed from the address of the Bowens rental by one digit. Neither J.T. nor A.T. was the owner of this property, and the actual owner did not know BOWENS or D.M.

39. From at least in or about January 2010, through in or about June 2013, A.T. received HAP, purportedly as a rent subsidy for D.M. However, BOWENS herself, not D.M., actually resided in the Bowens rental during that time period.

40. J.T. and A.T. did not have any contact directly with D.M. In fact, D.M. was not related to BOWENS, had exited HCVP in 2006, and never resided at the Bowens rental. The purported signature of D.M. on the lease agreement was not D.M.'s actual signature.

41. Because she had falsely assigned D.M. as a tenant for the Bowens rental, HCVP paid a rental subsidy to A.T. using Section 8 Federal funding, and BOWENS was able to live in the Bowens rental without paying rent.

All in violation of Title 18, United States Code, Sections 641 and 2.

## Forfeiture

42. The allegations contained in Counts One through Eight of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

43. Upon conviction of one or more of the offenses alleged in Counts One through Eight of this Indictment, the Defendants,

SHANTEL BOWENS,

DEBBIE BROWN,

TUNJI IMOUKHUEDE, and

BABATUNDE ABASS,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s), including, but not limited to: a money judgment.

44. If any of the property described above, as a result of any act or omission of the Defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A __true__ BILL

__Keri A. Bilotti__
FOREPERSON

SALLY QUILLIAN YATES
*United States Attorney*

SHANYA J. DINGLE
*Assistant United States Attorney*
Georgia Bar No. 159277

600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181